STOULIG, Judge.
Defendant, Carol W. Hight, has appealed the judgment awarding plaintiffs, Maureen and Anthony Cash, $937 for termite damage in the garage of the residence they purchased from defendants on June 15, 1976. Appellant seeks a reversal, asserting plaintiffs failed to prove their case. We agree and reverse.
This is an action in quanti minoris (C.C. art. 2541), which is subject to the same rules and limitations as a redhibitory action (C.C. arts. 2520, 2521 and 2544). The limitation pertinent here is the buyer’s inability to base quanti minoris on a defect that could have been discovered prior to the sale by simple inspection. Thus the plaintiffs’ case rests on two premises: (1) the defect existed at the time of the sale, and (2) it was not discoverable by simple inspection.
The vendees’ duty to inspect was discussed in Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963), and the Court held the inspection required by C.C. art. 2521 connotes more than a casual observation. This inspection requires the buyer to examine the item he is to purchase to ascertain its soundness. If this inspection discloses no discoverable defects, such as could be found by the ubiquitous reasonable man, then the vice, latent in nature, gives rise to an action to reduce the purchase price by the cost of remedying the defect. Justice McCaleb stated the criterion in Pursell that is applicable in this case:
“The proper test to be applied * * * is whether a reasonably prudent buyer acting under similar circumstances, would have discovered the presence of termite damage in the premises. * * * ” 152 So.2d at 41.
There was evidence of termite damage to the garage when the house was purchased. Within a month after plaintiffs took title, Foster Desselles, plaintiffs’ expert in the field of general contracting and repairing, noticed termite holes to the wooden frame of the garage door and the adjacent siding. And this was at a time when he said it was too dark for him to make a termite inspection of the entire garage.[1] He advised plaintiffs in July 1976 to call a “Mr. Hoffman” for a termite inspection because of the evidence he saw. The record is silent as to whether Mr. Hoffman was called and what, if anything, he found if he was in fact asked to inspect (he garage.
In any event in January 1977 Desselles returned and minutely inspected the garage and found the rafters and sheathing of the roof infested with termites. He estimated the termites had been in the garage rafters for at least six months, noting that the pine material of which they were constructed was damaged particularly fast. He estimated cost of repairs at $937.
While defendant called an expert who found no infestation in March 1977, we *75 have not weighed this as a factor in our evaluation. This is because plaintiffs have not established a prima facie case sufficient to warrant our weighing the adequacy of the defense. Title passed June 15,1976 and no certification of termite free premises was required. Plaintiffs’ expert saw termite damage to the garage door in July 1976 by casually glancing at it when it was too dark to properly inspect the interior. Desselles’ inspection of the rafters occurred in January 1977. He stated the damage was at least six months old and told the court he did not know if there was termite infestation in the rafters in July.
C.C. art. 2530 requires one seeking redhibition (or quanti minoris) to prove the defect existed at the time of the sale. Des-selles failed to establish the presence of the termite problem in the rafters at the time plaintiffs acquired the property. The sale occurred one month before what Desselles gave as the approximate date of infestation. Further, the termite damage at the doorway was apparent immediately after the property was sold, indicating casual observation should have apprised vendees of potential termite damage. The Pursell criterion suggests this was the type of defect that should have been discovered by simple inspection and we so held in Fraser v. Ameling, 259 So.2d 95 (1972).
We conclude plaintiffs are not entitled to have the purchase price reduced by the amount estimated to repair garage roof damage.
For the reasons assigned, the judgment appealed from is reversed and plaintiffs’ suit is dismissed at their cost.

REVERSED.

. Desselles had also inspected the den, which was a subject of dispute in the trial court but is no longer because plaintiffs did not appeal the judgment dismissing that aspect of their claim.